NEW ORLEANS and CARROLLTON RAILROAD COMPANY *v.* BOSWORTH, LILES et al.

*The remedy of parties to a judgment alleging matters* in pais, *against one not a party to the record, is by an action in the ordinary form, and not by rule; therefore, proceedings against the heirs by a judgment creditor of their deceased father, to make them liable for their father's debts because they had taken possession of his succession, and made an informal distribution of it among themselves, must be by an ordinary action, and not by rule.*

*A judgment obtained against one who, though cited, dies before issue joined, is a nullity.*

APPEAL from the District Court, Tenth District, Parish of Carroll. *Copley*, J. *Snyder*, for plaintiffs and appellants. *Selby*, for defendants.

Rost, J. The plaintiffs, having obtained a judgment against *Liles* in 1840, have taken a rule upon his heirs, who were all minors at the time of his death, to show cause why said judgment should not be made exigible against them, on the ground that they have rendered themselves liable for the debts of their father by taking possession of his succession, and making an informal distribution of it among themselves.

In that aspect of the case it would not materially differ in principle from that of *Reynolds* et al. *v. Horn* et al., 4th Ann., 187, in which it was held that the remedy of parties to a judgment alleging matters *in pais*, against one not a party to the record, was by an action in the ordinary form, and not by rule. But there is, in fact, no judgment against *Liles* that can be made exigible against his heirs; he died after being cited, but before issue joined, and judgment was entered against him through error and in ignorance of his death. That judg-

ment is a nullity, and there is nothing for the rule to rest upon. It should, therefore, have been discharged, but the District Judge erred in rendering a final judgment for the defendants.

It is, therefore, ordered that the judgment be reversed, and the rule taken by the plaintiffs discharged.

It is further ordered that the costs of the District Court be paid by the plaintiffs, and those of the appeal by the defendants.